J-A17009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ESTATE OF: VALERIY KRICHMAR, DEC'D. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: GALINA KRICHMAR AND DANIEL KRICHMAR | No. 1510 EDA 2014 |

Appeal from the Decree April 28, 2014
In the Court of Common Pleas of Philadelphia County
Orphans' Court at No(s): 545 DE of 2011

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 01, 2015**

Galina and Daniel Krichmar ("Galina" or "Daniel," individually, or "the Krichmars," collectively) appeal from the final decree, entered April 28, 2014, in the Court of Common Pleas of Philadelphia County, that denied, by operation of law, exceptions to the adjudication entered by the orphans' court on November 27, 2013. The court's adjudication confirmed, as modified, the account of Galina Krichmar, administratrix of the Estate of Valeriy Krichmar. The case arises from the death of Valeriy Krichmar, who died on January 31, 2005, in a fire that also took the life of his father, Boris Krichmar. Boris and Valeriy died intestate. Valeriy was unmarried. Appellant Daniel Krichmar is the brother of Boris, uncle of Valeriy, and intestate heir of

the Estate of Valeriy Krichmar.[1] Appellant Galina Krichmar is the daughter of Daniel and is administratrix of the Estate of Valeriy Krichmar.[2] In this appeal, the Krichmars present two arguments:

> Did the lower court err by capriciously and deliberately disallowing undisputed disbursements that a person of ordinary intelligence could not ignore, discount or disapprove and by surcharging her for said items?

> Did the lower court properly hold that life insurance proceeds were the property of the estate of the insured, who, according to the certified death certificate, died before the beneficiary?

Krichmars' Brief at 5. Based upon the following, we reverse the court's decree and remand for further proceedings.

Boris' and Valeriy's estates are intertwined, and were considered together by the orphans' court. We likewise have considered these appeals together. The companion appeal/cross appeal regarding Boris' estate is filed at *In re Estate of Boris Krichmar*, ___ A.3d ___ [1511 EDA 2014; 1753 EDA 2014] (Pa. Super. 2015) (unpublished memorandum). Although the appeal in Boris' estate was listed consecutive to the instant appeal, we have addressed the appeal in Boris' estate first, as that appeal is dispositive of the present appeal.

---

[1] Under 20 Pa.C. S. § 2103(5), Daniel is an intestate heir of Valeriy's estate, as is his daughter, Appellant Galina Krichmar, but under 20 Pa.C.S. § 2104(1) Daniel receives the entire share as long as he is living.

[2] Galina is also the former administratrix of the Estate of Boris Krichmar.

We first address the second question raised in this appeal, regarding life insurance proceeds. Because Galina operated under the belief that Valeriy survived Boris based on the time of death reflected in their respective death certificates, her account showed the $140,915.00 life insurance proceeds as an asset. The orphans' court, however, determined the life insurance proceeds belonged in Boris' estate and, consequently, surcharged Galina and ordered the proceeds be returned to Boris' estate.

In our decision in *In re Estate of Boris Krichmar*, we found merit in the Krichmars' arguments that: (1) Manuel Spigler, former attorney of Anna Guettel,[3] adminstratrix D.B.N. of the Estate of Boris Krichmar, had no standing to call EMT Joanne Conti as a witness on the issue of life insurance proceeds or advocate that Boris' estate was entitled to these proceeds, and (2) the court erred in denying the Krichmars' counsel's continuance request and closing the record in her absence.[4]

_____

[3] Anna Guettel is the surviving spouse of Boris Krichmar. On June 23, 2011, this Court held that a valid marriage existed between Guettel and Boris, and that Guettel did not desert Boris prior to his death. *See Estate of Boris Krichmar*, 31 A.3d 752 (Pa. Super. 2011) (unpublished memorandum).

[4] The Krichmars make the same arguments in this appeal as in their appeal in Boris' estate regarding the issue of life insurance proceeds, specifically: (A) Spigler had no standing to call a witness or advocate a position on the issue, (B) Conti's testimony was incompetent and, therefore, insufficient to raise an issue, and (C) the court erroneously conducted a final hearing and closed the record in the absence of counsel, who could not attend. *See* The Krichmars' Brief at ii.

We reversed and remanded for a determination whether the life insurance proceeds are an asset of Boris' estate or Valeriy's estate. Furthermore, we instructed the orphans' court to consider the applicability of the Simultaneous Death Act, 20 Pa.C.S. § 8504, without reference to Conti's testimony unless presented by a party with standing. We directed the orphans' court to determine if any amended accountings should be filed, if the parties are unable to reach the settlement suggested at the February 7, 2013 hearing. *See Estate of Boris Krichmar, supra*.

The issue of which estate is entitled to the life insurance proceeds is critical to the accuracy of the account in Valeriy's estate. Furthermore, it is premature for this Court to address the remaining issue raised in this appeal, regarding allowed disbursements, because the accounts may have to be restated.

Accordingly, consistent with our decision in *In re Estate of Boris Krichmar*, we reverse the court's decree and remand to the orphans' court for further proceedings.

Decree reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/1/2015